ELIZABETH SADLON AND JOHN SADLON, RESPONDENTS. v. PHILIP JANNARONE, APPELLANT.

Submitted October 29, 1925—Decided March 26, 1926.

1. A defendant cannot escape liability to a third person for a common law tort, independent of contract, where the obligation of the tort-feasor is evidenced by testimony to be the result of his own dereliction, independently, and apart from the obligations

existing under the contract, by setting up the claim that he was performing a public work, and liable, under his contract, to the municipal body.

2.  Leaving open for public travel a road under repair constitutes an implied invitation to use it, and in such a situation the limitation of use conveyed by a warning sign, notifying the wayfarer that he may use it at his own risk, carries with it, in effect only, a warning to exercise reasonable care in its use; and whether such care was in fact exercised, under the circumstances, presents a question of fact for the jury.

On appeal from the Essex County Circuit Court.

For the respondents, *H. Edward Wolf* (*Fleming & Handford,* of counsel).

For the appellant, *Reed & Reynolds.*

The opinion of the court was delivered by

MINTURN, J.   While riding upon a motorcycle, the plaintiffs in the case, husband and wife, were thrown from their machine by colliding with a pile of unguarded stones, and severely injured.   The accident happened about seven-thirty o'clock in the evening of October 22d, 1922, upon a public highway extending from Chester to Mendham, in Morris county, which the defendant had contracted with the board of freeholders to repair, and which work at the time was in process of completion.   The stones were piled at intervals along the road, without any distinct warning sign to evince their presence, and the failure to guard the obstruction by such warning sign was made the distinctive basis of the allegation of negligence upon which the suit was predicated.

The jury found for the plaintiffs, and the appeal is primarily based upon the legal theory of defendant's non-liability, in any event, under the claim that he was performing a public work, and liable only to the board of freeholders for derelictions arising therefrom.   *Stiles* v. *Long,* 70 *N. J. L.* 301, is advanced in support of that contention, but that case, obviously, is applicable to actions arising out of and by reason of a breach of contract existing between the municipality

and the defendant, and can have no application to a situation arising entirely *ab extra* the contract, and in nowise dependent upon its provisions.

The case at bar is based upon a liability arising out of a common law tort, independent of contract, where the obligation of the tort-feasor is evidenced by testimony to be the result of his own dereliction, independently, and apart from the obligations existing under the contract. In Whitla *v.* Ippolito, determined at this term of court, we had practically the same question before us, in a case involving damages, caused by blasting in the construction of a sewer, and we there observed that "the contention is made that, in some esoteric manner, the city constituted the defendant's *alter ego* for the construction of the work. In the absence of legislative authority authorizing such a status, the attempt, if made to create it, would be clearly *ultra vires.* 19 *R. C. L.* 414, and cases. But, obviously, in contracting with the municipality, the defendant did not lose his identity as an independent contractor, a status he concededly occupies in this relationship, as evidenced by the repeated adjudications of our courts." *Little* v. *City of Newark, &c.,* 36 *N. J. L.* 170; *Mann* v. *Max,* 93 *Id.* 191; *Sarno* v. *Gulf Refining Co.,* 99 *Id* 340.

The motions to nonsuit and to direct a verdict were therefore properly refused.

The contentions that plaintiffs were guilty of a contributory negligence, and that there was an absence of sufficient evidence to justify a verdict of negligence upon the part of the defendant, or to warrant its submission to the jury, are contrary to the well-settled rule declared by our repeated adjudications where testimony of a conflicting character is presented by the record. The motions, therefore, were properly denied, and the case in that respect was properly submitted to the jury.

Whether the plaintiffs, in view of the existing lights in the immediate locality, should have observed the dangerous situation confronting them, was also a jury question, in view of the circumstances surrounding the situation. *Siebert* v. *Goldstein Co.,* 99 *N. J. L.* 200.

The same argument applies to the existence of a warning sign at the entrance to the road, which, while it leaves the road unobstructed for public use, notifies the wayfarer that he may use it at his own risk.

Leaving open the road for public travel constituted an implied invitation to use it, and in such a situation the limitation of use conveyed by the warning sign carried with it, in effect only, a warning to exercise reasonable care in its use, and whether such care was, in fact, exercised under the circumstances, presented a question of fact for the jury. *Gavin* v. *O'Connor,* 99 *N. J. L.* 162.

Some features of the charge of the learned trial court, which more or less reflected this basic conception of the legal situation, have been subjected to criticism by exceptions taken thereto; other points are presented without exception having been taken, which contentions, of course, we cannot consider under our well-settled rules of procedure. *Kimble* v. *Kavanaugh,* 101 *N. J. L.* 164.

Our examination of the entire charge, however, in the light of the applicable legal rules to which we have adverted, leads us to conclude that the exceptions taken thereto are without substantial legal merit.

The judgment will therefore be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 13.

*For reversal*—None.