ANTHONY LUCA, BY VINCENTINE LUCA, HIS NEXT FRIEND, AND VINCENTINE LUCA, PLAINTIFFS, v. C. H. WINANS COMPANY, DEFENDANT.

Decided January 18, 1927.

**Negligence—Injury Caused by Contact of a Motorcycle With a Pile of Sand Left in the Roadway by a Reconstruction Contractor—Verdict Asked to be Set Aside Because Road was Closed to Traffic and Plaintiff was a Trespasser or at Best a Licensee—Other Reasons Alleged—Held, That the Verdict Should Not be Disturbed.**

On defendant's rule to show cause for new trial.

Before Justices BLACK and CAMPBELL.

For the rule, *Mark Townsend, Jr.*

*Contra, Francis A. Gordon.*

PER CURIAM.

The defendant was engaged, under contract with the board of freeholders of the county of Union, in repairing or resurfacing Springfield avenue from Summit to the Passaic River bridge.

On September 25th, 1924, the plaintiff, Anthony Luca, a minor aged seventeen years, while riding on the rear seat of a motorcycle operated by one Olsen, was injured by being thrown as the motorcycle struck a pile of crushed stone placed by the defendant partly upon the roadway of Springfield avenue, and left, as is contended, unguarded by a light or other proper barrier. The accident happened after night fall. Action was brought against defendant and upon a trial thereof at the Union Circuit the infant plaintiff obtained a verdict of $5,000 and his father a verdict of $2,000.

Three reasons are urged why these verdicts should be set aside.

1. Error in refusing to direct a verdict for the defendant because Springfield avenue had been closed to traffic by the board of chosen freeholders of Union county, and, therefore, the infant plaintiff was a trespasser, or, at best, a mere licensee, and there was no evidence of willful wrong-doing.

2. Refusal to charge requests 3, 4, 5 and 7 of defendant, and error in charging plaintiffs' request No. 6.

Our examination and consideration of the proofs and these reasons brings us to the conclusion that the verdicts should not be disturbed.

In some respects this case is not unlike that of *Sadlon* v. *Jannarone*, 132 *Atl. Rep.* 749.

The rule to show cause is discharged, with costs.